UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EDWIN AGUILAR-ROBLERO, JOSE
CRUZ-HERNANDEZ, MARCOS
FLORES-REYES, VICTORINO
HERNANDEZ-HERNANDEZ, JOEL
HERNANDEZ-RAMOS, NEYMAELIN
LOPEZ-MATIAS, AGUSTIN
MIGUEL-FELIX, ROSENALDO
RODRIGUEZ-VAZQUEZ, EMMANUEL
ROMERO-GRAJALES, DAVID
RUBIO-HERNANDEZ, ERICK
ZAVALA-HERNANDEZ,

:::::::::::::

Civil Action No.: **CV523-010**

Plaintiffs,

v.

NERY RENE CARRILLO-NAJARRO;
ASOCIACION CAMPESINA DE
DESARROLLO DE LAS COMUNIDADES DE
GUATEMALA, LLC; TRIPLE T FAMILY
FARMS, LLC; KRYSTAL CARTER TANNER,

Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1. This civil action is brought by 11 individuals who seek redress for Defendants' violations of their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Defendants recruited Plaintiffs from their hometowns in Mexico, through the H-2A visa program for temporary agricultural work, to work in Defendants' agricultural operations in Georgia, during the 2021 season.

1

3. Plaintiffs seek an award of monetary damages for injuries they suffered due to the Defendants' failure to reimburse Plaintiffs' pre-employment expenses and to pay their earned wages, in violation of the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States; under 29 U.S.C. § 1337, as this action arises under Acts of Congress regulating interstate commerce; and under 29 U.S.C. § 216(b), as this action arises under the FLSA.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and S.D. Ga. Local Rule 2.1, because a substantial part of the events or omissions giving rise to the claim occurred in this district and division, and because one of the Defendants' primary places of business is in a county within this district and division.

## PARTIES

6. Plaintiffs are citizens of Mexico who were admitted into the United States in 2021 to work for Defendants under the H-2A program.[1]

7. Plaintiffs' FLSA consent forms are attached as Exhibit A.

8. Defendant Nery Rene Carrillo-Najarro, ("Carrillo"), is an individual residing in Ben Hill County, Georgia, and is an officer and/or owner of Asociacion Campesina de Desarrollo de las Comunidades de Guatemala, LLC.

9. Defendant Carrillo is an H-2A Labor Contractor ("H2ALC") because he recruited, solicited, hired, employed, furnished, housed, and/or transported H-2A workers, and is

---

[1] 8 U.S.C. § 1188 and 20 C.F.R. § 655.0, *et seq.*

not a fixed-site employer, an agricultural association, or an employee of a fixed-site employer or agricultural association.[2]

10. Defendant Asociacion Campesina de Desarrollo de las Comunidades de Guatemala, LLC. ("Asociacion"), is a Georgia limited liability company, with principal address within Coffee County, Georgia, and whose registered agent, Liborio Saavedra, can be served at 204 Circle Drive, Douglas, Georgia 31533.

11. Defendant Asociacion is an H-2A Labor Contractor ("H2ALC") because it recruited, solicited, hired, employed, furnished, housed, and/or transported H-2A workers, and is not a fixed-site employer, an agricultural association, or an employee of a fixed-site employer or agricultural association.

12. Defendant Triple T Family Farms, LLC, ("Triple T"), is a Georgia limited liability company, with principal address within Johnson County, Georgia, and whose registered agent, Krystal Tanner, can be served at 156 Ohoopee River Road, Wrightsville, Georgia 31096.

13. Defendant Triple T is a fixed-site employer because it owns or operates a farm, or other similar fixed-site location where agricultural activities are performed, and because it recruits, solicits, hires, employs, houses, or transports H-2A workers as incident to or in conjunction with the owner's or operator's own agricultural operation.[3]

14. Defendant Krystal Carter Tanner, ("Tanner"), is an individual residing in Johnson County, Georgia, and is an officer and/or owner of Triple T Family Farms, LLC.

15. Defendant Tanner is a fixed-site employer because she owns or operates a farm, or other similar fixed-site location where agricultural activities are performed, and because she

---

[2] *See* definition of "H-2A labor contractor" at 20 C.F.R. § 655.103.
[3] *See* definition of "fixed-site employer" at 20 C.F.R. § 655.103.

recruits, solicits, hires, employs, houses, or transports H-2A workers as incident to or in conjunction with the owner's or operator's own agricultural operation.

16. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because Defendants had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.[4]

17. Upon information and belief, Defendants operate an enterprise whose annual gross volume of sales or business done is not less than $500,000.[5]

## CAUSE OF ACTION

## (FAIR LABOR STANDARDS ACT)

18. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 17 above.

19. At all times relevant to this action, Defendants were Plaintiffs' employers because they acted directly or indirectly in the interest of an employer in relation to Plaintiffs.[6]

20. At all times relevant to this action, Defendants employed Plaintiffs because they suffered or permitted Plaintiffs to work.[7]

21. At all times relevant to this action, Plaintiffs were economically dependent on all Defendants.

22. At all times relevant to this action, Plaintiffs were employed by Defendants in an enterprise engaged in interstate commerce or the production of good for interstate commerce.

---

[4] *See* definition of "commerce" at 29 U.S.C. § 203(b).
[5] *See* definition of "enterprise" at 29 U.S.C. § 203(r)(1).
[6] *See* definition of "employer" at 29 U.S.C. § 203(d).
[7] *See* definition of "employ" at 29 U.S.C. § 203(g).

4

23. Plaintiffs incurred various immigration, visa processing, and travel expenses to come to work for Defendants in the United States.

24. Defendants and/or their agents in Mexico, required, as a condition of hire, that each Plaintiff pay a sum of money associated with their recruitment.

25. During recruitment, Defendants and/or their agents, promised Plaintiffs a wage rate that was consistent with the H-2A regulations, which was the higher rate between: (a) the applicable minimum wage; (b) the applicable prevailing wage; and (c) the Adverse Effect Wage Rate of $11.71 per hour.

26. Defendants failed to reimburse any of the pre-employment expenses that Plaintiffs incurred primarily for the benefit of Defendants.

27. When work commenced in Georgia, Defendants assigned work to Plaintiffs that included agricultural and non-agricultural work.

28. In addition to farm work, Plaintiffs performed various non-agricultural tasks during their employment with Defendants, including yard work in private homes, planting pine trees, raking and bailing pine straw, and home renovation and maintenance.

29. In some weeks during their employment with Defendants, Plaintiffs worked in excess of 40 hours a week.

30. Defendants failed to pay Plaintiffs the minimum wage of $7.25 per hour for all hours worked, in violation of the FLSA minimum wage provisions.[8]

31. Defendants failed to pay Plaintiffs one and one-half times the regular rate of pay for hours worked over 40 in any workweek, in violation of the FLSA's overtime provisions.[9]

---

[8] 29 U.S.C. § 206(a).
[9] 29 U.S.C. § 207(a).

32. The violations set forth in this Action arose, in part, from Defendants' failure to reimburse the expenses described in ¶¶ 23-24 which Plaintiffs incurred primarily for the benefit of Defendants, and which brought Plaintiffs' earnings below the required minimum wage rate.

33. The violations set forth in this Action also arose from Defendants' failure to supplement Plaintiffs' wages to equal or exceed the federal minimum wage.

34. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus an additional and equal amount in liquidated damages, a reasonable attorneys' fee, and the costs of this action.[10]

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

(a) Accept jurisdiction of this cause;

(b) Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, on the Plaintiffs' claims under the Fair Labor Standards Act, and award each Plaintiff their unpaid wages, plus an equal amount in liquidated damages;

(c) Award Plaintiffs pre-judgment and post-judgment interest, the costs of this action, and reasonable attorney's fees; and

(d) Grant such further relief as this Court deems just and proper.

This 10th day of February 2023.                     Respectfully submitted,

*/s/ Solimar Mercado-Spencer*
Solimar Mercado-Spencer
Lead Counsel
Georgia Bar No.: 686614
E-mail: smercado-spencer@glsp.org

---

[10] 29 U.S.C. § 216(b).

*/s/ Juan Alberto Barragan-Rangel*
Juan Alberto Barragan-Rangel
Georgia Bar No.: 421897
E-mail: jbarragan@glsp.org


*/s/ Lisa J. Krisher*
Lisa J. Krisher
Georgia Bar No.: 429762
E-mail: lkrisher@glsp.org


Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA 30303
Phone: (404) 463-1633
Fax:     (404) 463-1623

*Attorneys for Plaintiffs*
