IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWIN AGUILAR-ROBLERO, JOSE CRUZ-HERNANDEZ, MARCOS FLORES-REYES, VICTORINO HERNANDEZ-HERNANDEZ, JOEL HERNANDEZ RAMOS, EYMAELIN LOPEZ-MATIAS, AGUSTIN MIGUEL-FELIX, ROSENALDO RODRIGUEZ-VAZQUEZ, EMMANUEL ROMERO-GRAJALES, DAVID RUBIO-HERNANDEZ, ERICK ZAVALA-HERNANDEZ,<br>　　　　　Plaintiffs,<br>v.<br>NERY RENE CARRILLO-NAJARRO; ASOCIACION CAMPESINA DE DESARROLLO DE LAS COMUNIDADES DE GUATEMALA, LLC; TRIPLE T FAMILY FARMS, LLC; KRYSTAL CARTER TANNER,<br>　　　　　Defendants | *<br>*<br>*<br>*<br>*  Case No. 5:23-cv-00010-LGW-BWC<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## ANSWER AND DEFENSES OF TRIPLE T FAMILY FARMS, LLC AND KRYSTAL CARTER TANNER

**COME NOW** Defendants **TRIPLE T FAMILY FARMS, LLC** and **KRYSTAL CARTER TANNER ("Tanner Defendants")** and file these their affirmative defenses and answer to Plaintiff's Complaint, showing as follows:

FIRST AFFIRMATIVE DEFENSE

Tanner Defendants are exempt from the requirements of the Fair Labor Standards Act ("FLSA"), 29 USC § 201 *et seq*, pursuant to 29 USC § 213 (a)(6) in that Tanner Defendants (1) used fewer than 500 man-days of labor in any given quarter relevant to the claims made in this case; and (2) Plaintiffs were hand harvest laborers whose actual employer was contracted and paid on a

customary and acceptable piece rate; who were transported by their actual employer from their fixed residence to Tanner Defendants' worksite; and who performed agricultural functions on behalf of their actual employer at Defendants' farm for no more than 6 days over the course of a three-month period.

## SECOND AFFIRMATIVE DEFENSE

Tanner Defendants were not "employers" or "joint employers" of Plaintiffs pursuant to the FLSA, as interpreted in this Circuit by such cases as *Aimable v. Long & Scott Farms*, 20 F.3d 434, 437 (11th Cir. 1994); *Valle v. Aa & K Restoration Grp. Llc*, 2020 U.S. Dist. LEXIS 255941 (S.D. Fla. Sep. 29, 2020).  Tanner Defendants did not recruit or hire Plaintiffs, did not direct their work, and had insufficient control or supervisory authority to bring them within the ambit of the FLSA's authority.

## THIRD AFFIRMATIVE DEFENSE

As Tanner Defendants' business generated less than $500,000 in annual revenue during any time period relevant to this action, Tanner Defendants are exempt from paying overtime, pursuant to 29 USC § 207.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' action involves claims arising prior to May 10, 2023, such claims are barred by the applicable two-year statute of limitations.

## ANSWER

Tanner Defendants file this their ANSWER to the Plaintiffs' Complaint by stating generally that they did not "employ," "recruit," "hire," or otherwise enter into a relationship with Plaintiffs in any manner that would subject Tanner Defendants to FLSA liability.  In conformity with FRCP 8(b). Tanner Defendants further respond to each Paragraph of Plaintiffs' Complaint as follows:

1. While Tanner Defendants acknowledge the nature of Plaintiffs' complaint, Paragraph 1 of the Complaint requires no response.

2. Tanner Defendants deny the allegations of Paragraph 2 of Plaintiffs' Complaint

3. As to Paragraph 3 of Plaintiffs' Complaint, Tanner Defendants deny they are liable for any expenses or wages that may be owed to Plaintiffs.

4. As to Paragraph 4 of Plaintiffs' Complaint, Tanner Defendants admit the Court has jurisdiction over FLSA claims such as this.

5. Tanner Defendants admit the allegations of paragraph 5 of Plaintiffs' Complaint. Tanner Defendants would further show that their particular residences and places of business are not within the Waycross Division.

6. Tanner Defendants deny the allegations of Paragraph 6 of the Complaint alleging that the Plaintiffs were admitted via the H-2A program to work for Tanner Defendants.

7. In response to Paragraph 7 of the Complaints, Tanner Defendants acknowledge the signed forms are attached as Exhibit "A."

8. Tanner Defendants admit the allegations of Paragraph 8 of Plaintiffs' Complaint.

9. Tanner Defendants are without sufficient information to respond to Paragraph 9 of Plaintiffs' Complaint, which are related to the actions of co-defendants.

10. Tanner Defendants admit the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Tanner Defendants are without sufficient information to respond to Paragraph 11 of Plaintiffs' Complaint, which are related to the actions of co-defendants.

12. Tanner Defendants admit the allegations of Paragraph 12 of Plaintiffs' Complaint.

13. Tanner Defendants deny the allegations of Paragraph 13 of Plaintiffs' Complaint.

14. Tanner Defendants admit the allegations of Paragraph 14 of Plaintiffs' Complaint.

15. Tanner Defendants deny the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Tanner Defendants deny the allegations of Paragraph 16 of Plaintiffs' Complaint as such may apply to Tanner Defendants.

17. Tanner Defendants deny the allegations of Paragraph 17 of Plaintiffs' Complaint as such may apply to Tanner Defendants.

18. Paragraph 18 of Plaintiffs' Complaint requires no specific response.

19. Tanner Defendants deny the allegations of Paragraph 19 of Plaintiffs' Complaint, in which they are alleged to be the "employer" of Plaintiffs.

20. Tanner Defendants deny the allegations of Paragraph 20 of Plaintiffs' Complaint as such may apply to Tanner Defendants.

21. Tanner Defendants deny the allegations of Paragraph 21 of Plaintiffs' Complaint as such may apply to Tanner Defendants.

22. Tanner Defendants deny the allegations of Paragraph 21 of Plaintiffs' Complaint as to Tanner Defendants.

23. In response to Paragraph 23 of Plaintiff's Complaint, Tanner Defendants deny that Plaintiffs came to the United States for the purpose of working for Tanner Defendants; they are without information sufficient to respond to the remaining allegations of Paragraph 23 of Plaintiffs' Complaint but presume Plaintiffs incurred such expenses in coming to the United States.

24. Tanner Defendants deny the allegations of Paragraph 24 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

25. Tanner Defendants deny the allegations of Paragraph 25 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

26. Tanner Defendants deny the allegations of Paragraph 26 of Plaintiffs' Complaint as they may apply to Tanner Defendants and specifically deny any responsibility on the part of Tanner Defendants to reimburse such expenses.

27. Tanner Defendants deny the allegations of Paragraph 27 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

28. Tanner Defendants deny the allegations of Paragraph 28 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

29. Tanner Defendants deny the allegations of Paragraph 29 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

30. Tanner Defendants deny the allegations of Paragraph 30 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

31. Tanner Defendants deny the allegations of Paragraph 31 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

32. Tanner Defendants deny the allegations of Paragraph 32 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

33. Tanner Defendants deny the allegations of Paragraph 33 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

34. Tanner Defendants deny the allegations of Paragraph 34 of Plaintiffs' Complaint as they may apply to Tanner Defendants.

WHEREFORE, Defendants TRIPLE T FAMILY FARMS, LLC and KRYSTAL CARTER TANNER respectfully request:

(1) That the Court consider their defenses and denials of liability;

(2) That trial by jury be granted;

(3) That this case be dismissed against these particular Defendants; and

(3) That costs and fees, as well as reasonable attorney fees, be taxed to Plaintiffs.

Respectfully submitted this the 13th day of June, 2023.

/s/Thomas C.Rawlings
Thomas C. Rawlings
Georgia Bar No. 595795

Attorney for Tanner Defendants

TAYLOR ENGLISH AND DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: (478) 357-8542
Facsimile: (770) 434-7376
trawlings@taylorenglish.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ANSWER AND DEFENSES with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

This 13th day of June, 2023.

s/Thomas C. Rawlings
Thomas C. Rawlings

TAYLOR ENGLISH AND DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: (478) 357-8542
Facsimile: (770) 434-7376
trawlings@taylorenglish.com