IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| EDWIN AGUILAR-ROBLERO, JOSE CRUZ-HERNANDEZ, MARCOS FLORES-REYES, VICTORINO HERNANDEZ-HERNANDEZ, JOEL HERNANDEZ RAMOS, EYMAELIN LOPEZ-MATIAS, AGUSTIN MIGUEL-FELIX, ROSENALDO RODRIGUEZ-VAZQUEZ, EMMANUEL ROMERO-GRAJALES, DAVID RUBIO-HERNANDEZ, ERICK ZAVALA-HERNANDEZ, <br>            Plaintiffs, <br> v. <br> NERY RENE CARRILLO-NAJARRO; ASOCIACION CAMPESINA DE DESARROLLO DE LAS COMUNIDADES DE GUATEMALA, LLC; TRIPLE T FAMILY FARMS, LLC; KRYSTAL CARTER TANNER, <br>            Defendant | * * * * * * * * * * * * * * * * * * * * * | Case No. 5:23-cv-00010-LGW-BWC |

## ANSWER AND DEFENSES OF DEFENDANT NERY RENE CARRILLO-NAJARRO

**COME NOW** Defendant **NERY RENE CARRILLO-NAJARRO ("The Defendant")** and file this his affirmative defenses and answer to Plaintiff's Complaint, showing as follows:

### FIRST AFFIRMATIVE DEFENSE

As the Defendant's business generated less than $500,000 in annual revenue during any time period relevant to this action, the Defendant is exempt from paying overtime, pursuant to 29 USC § 207.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' action involves claims arising prior to May 10, 2023, such claims are

barred by the applicable two-year statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Additionally, the Defendant firmly maintains that, according to the existing work agreement/contract, the Plaintiffs are obligated to fulfill certain terms and conditions. However, the Defendant is currently unable to provide a copy of the work agreement as it is not readily accessible. Nevertheless, the Defendant asserts that the Plaintiffs unequivocally breached their contractual obligations by willfully and unilaterally abandoning their designated place of residence without justifiable cause or lawful excuse. This abandonment constitutes a clear violation of their contractual duties and undermines the foundation upon which their claims are based. The Defendant intends to promptly provide the work agreement as soon as it becomes available or upon request by the court or opposing counsel. Consequently, the Defendant insists that the Plaintiffs' breach of contract should preclude them from seeking any remedies or relief pursuant to the said agreement.

## ANSWER

This Defendant filed his ANSWER to the Plaintiffs' Complaint by stating that he did not 'recruit' the Plaintiffs but rather hired and employed them. In conformity with FRCP 8(b), This Defendant further responds to each Paragraph of Plaintiffs' Complaint as follows:

1. While This Defendant acknowledges the nature of Plaintiffs' complaint, Paragraph 1 of the Complaint requires no response.
2. This Defendant denies the allegations of Paragraph 2 of Plaintiffs' Complaint.
3. The Defendant denies the allegations made in Paragraphs 3, 23, 26, and 32, which pertain to the failure to reimburse pre-employment expenses and the payment of earned wages. The Plaintiffs signed a reimbursement form, attached as **Exhibit "B"**,

acknowledging their acceptance of the reimbursement terms. The Defendant maintains that they fulfilled their obligations to reimburse the Plaintiffs' expenses and pay their earned wages in accordance with the terms of the employment agreement. Therefore, the Defendant refutes any violation of the FLSA and reiterates that they have upheld their responsibilities towards the Plaintiffs.

4. As to Paragraph 4 of Plaintiffs' Complaint, This Defendant admits the Court has jurisdiction over FLSA claims such as this.

5. This Defendant admits the allegations of paragraph 5 of Plaintiffs' Complaint.

6. This Defendant admits the allegations of Paragraph 6 of the Complaint alleging that the Plaintiffs were admitted via the H-2A program to work for This Defendant.

7. In response to Paragraph 7 of the Complaints, This Defendant acknowledges the signed forms are attached as Exhibit "A."

8. This Defendant admits the allegations of Paragraph 8 of Plaintiffs' Complaint, however, the Defendant resides in Coffee County, Georgia.

9. This Defendant admits the allegations of Paragraph 9 of Plaintiffs' Complaint, however, the Defendant did not "recruit" any H-2A workers.

10. This Defendant denies the allegations of Paragraph 10 of Plaintiffs' Complaint, because Liborio Saavedra was the agent that registered the company, ASOCIACION CAMPESINA DE DESARROLLO DE LAS COMUNIDADES DE GUATEMALA, LLC, and has no relation to it.

11. This Defendant is without sufficient information to respond to Paragraph 11 of Plaintiffs' Complaint, which are related to the actions of co-Defendant.

12. This Defendant admits the allegations of Paragraph 12 of Plaintiffs' Complaint.

13. This Defendant is without sufficient information to respond to Paragraph 13 of Plaintiffs' Complaint, which are related to the actions of co-Defendant.

14. This Defendant admits the allegations of Paragraph 14 of Plaintiffs' Complaint.

15. This Defendant denies the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. This Defendant denies the allegations of Paragraph 16 of Plaintiffs' Complaint.

17. This Defendant denies the allegations of Paragraph 17 of Plaintiffs' Complaint.

18. Paragraph 18 of Plaintiffs' Complaint requires no specific response.

19. This Defendant admits the allegations of Paragraph 19 of Plaintiffs' Complaint as such may apply to This Defendant.

20. This Defendant admits the allegations of Paragraph 20 of Plaintiffs' Complaint as such may apply to This Defendant.

21. This Defendant admits the allegations of Paragraph 21 of Plaintiffs' Complaint as such may apply to This Defendant.

22. This Defendant denies the allegations of Paragraph 21 of Plaintiffs' Complaint as such may apply to This Defendant.

23. This Defendant admits the allegations of Paragraph 23 of Plaintiffs' Complaint, however as stated in the response Paragraph 3, and as in the shown in **Exhibit "B"**, these expenses were reimbursed to the Plaintiffs.

24. This Defendant denies the allegations of Paragraph 24 of Plaintiffs' Complaint as they may apply to This Defendant.

25. This Defendant admits the allegations of Paragraph 25 of Plaintiffs' Complaint as they may apply to This Defendant.

26. This Defendant denies the allegations of Paragraph 26 of Plaintiffs' Complaint as

they may apply to This Defendant , and because as stated in the response to Paragraph 3 , and as in the shown in **Exhibit "B"**, these expenses were reimbursed to the Plaintiffs.

27. This Defendant denies the allegations of Paragraph 27 of Plaintiffs' Complaint as they may apply to This Defendant.

28. This Defendant denies the allegations of Paragraph 28 of Plaintiffs' Complaint as they may apply to This Defendant.

29. This Defendant denies the allegations of Paragraph 29 of Plaintiffs' Complaint as they may apply to This Defendant.

30. This Defendant denies the allegations of Paragraph 30 of Plaintiffs' Complaint as they may apply to This Defendant.

31. This Defendant denies the allegations of Paragraph 31 of Plaintiffs' Complaint as they may apply to This Defendant.

32. This Defendant denies the allegations of Paragraph 32 of Plaintiffs' Complaint as they may apply to This Defendant and because as stated in the response to Paragraph 3, and as in the shown in **Exhibit "B"**, these expenses were reimbursed to the Plaintiffs.

33. This Defendant denies the allegations of Paragraph 33 of Plaintiffs' Complaint as they may apply to This Defendant.

34. This Defendant denies the allegations of Paragraph 34 of Plaintiffs' Complaint as The Defendant disputes the violations of the FLSA as alleged by the Plaintiffs.

WHEREFORE, Defendant NERY RENE CARRILLO-NAJARRO respectfully requests:

(1) That the Court consider this defenses and denials of liability;

(2) That this case be dismissed against this particular Defendant;

(3) That trial by jury be granted.

Respectfully submitted this the 13t$^h$ day of June, 2023.

Nery Rene
Carrillo-Najarro
204 Circle Dr.
Douglas, GA 31533
(229)-922-5585

Nery Rene Carrillo-Najarro Answer and Defenses

Case No. 5:23-CV-00010-LGW-BWC,

Page 6